1
2
3
4
5      UNITED STATES DISTRICT COURT
6      EASTERN DISTRICT OF WASHINGTON

7   GLENN FORSYTH WOOD,

8                      Petitioner,          NO:  13-CV-3046-TOR

9        v.                                 PRELIMINARY INJUNCTION

                                            and
10  MELISSA RENEE WOOD,
                                            ORDER TO SHOW CAUSE
11                     Respondent.

12

13       BEFORE THE COURT is an order to show cause why Respondent should

14  not be restrained from removing her child, LPBW, from this Court's jurisdiction

15  pending full adjudication of the Verified Petition for Return of Child to the United

16  Kingdom (ECF No. 1).  A hearing on this matter was held on May 17, 2013.

17  Petitioner was represented by attorneys Andrew A. Guy, Kelly Ann Powers, and

18  Stephen J. Cullen.  Respondent appeared personally and was represented by Quinn

19  Dalan.  This Order will memorialize the Court's oral rulings.

20       For the reasons stated in the Court's Temporary Restraining Order dated

PRELIMINARY INJUNCTION and ORDER TO SHOW CAUSE ~ 1

1   May 8, 2013 (ECF No. 7), the Court finds that Respondent should continue to be

2   enjoined from removing LPBW from the Eastern District of Washington pending

3   resolution of this case.  Respondent was afforded an opportunity to be heard on this

4   matter during the hearing and did not object to the issuance of a preliminary

5   injunction on these terms.  Accordingly, continuing injunctive relief is appropriate

6   under Rule 65(a).  The Court will also order additional injunctive relief by

7   stipulation of the parties on the terms set forth below.

8   **IT IS HEREBY ORDERED:**

9       1.  Pending the conclusion of this action, in order to protect the safety and well-

10          being of the child, Petitioner Glenn Forsyth Wood and Respondent Melissa

11          Renee Wood are restrained from (1) removing their child from, or causing or

12          permitting the child to be removed from, the Eastern District of Washington;

13          (2) causing physical harm or bodily injury to the other party; and (3)

14          assaulting, molesting, harassing, threatening or stalking the other party.

15          Without limiting the generality of the preceding sentence, the restrained acts

16          include, without limitation, keeping the other party under physical or

17          electronic surveillance, cyber stalking as defined in RCW 9.61.260, and

18          using telephonic, audiovisual, or other electronic means to monitor the

19          actions or communications of the other.

20

PRELIMINARY INJUNCTION and ORDER TO SHOW CAUSE ~ 2

2.  The parties are further restrained from renewing any passport(s) or other travel document(s) belonging to LPBW until further order of the Court or until final resolution of this case.

3.  The parties shall provide for visitation of the child with Petitioner pursuant to the schedule to which the parties stipulated in open court.  Petitioner shall surrender his passport to Respondent's counsel for safekeeping prior to the visitation period.  Respondent's counsel shall return Petitioner's passport immediately upon the child's return to Respondent's custody, which the parties have scheduled for Sunday, May 19, 2013 at 2:00 p.m.

4.  Upon a finding that there is no reasonable likelihood of harm to either party from being wrongfully enjoined, *see Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003), neither Petitioner nor respondent shall be required to give security under Rule 65(c).

5.  The parties have expressed a desire to mediate this case through a pilot mediation program administered by the United States Central Authority through the State Department.  In order to accommodate mediation, and at the request of the parties, the Court has scheduled the plenary hearing on the Petition beyond the presumptive six-week deadline for resolution of a case arising under the Hague Convention.  Respondent is **ORDERED** to appear before this Court on **Tuesday, July 23, 2013, at 10:00 a.m.** to show cause,

if any she has, why the relief requested in the Verified Petition for Return of Child to the United Kingdom (ECF No. 1) should not be granted.

6. Respondent shall file a memorandum outlining any affirmative defenses she intends to pursue on or before **July 9, 2013**.

The District Court Executive is directed to enter this Order, provide copies to counsel.

**DATED** May 17, 2013.



THOMAS O. RICE
United States District Judge

PRELIMINARY INJUNCTION and ORDER TO SHOW CAUSE ~ 4